IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE STEAK UMM COMPANY, LLC | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-2857 |
| | : | |
| STEAK 'EM UP, INC. | : | |
| Defendant | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                      **October 29, 2009**

The defendant in this case, Steak 'Em Up, Inc., filed a motion to strike the complaint filed by plaintiff The Steak Umm Company, LLC.

Steak Umm is a company that manufactures, advertises, and sells Steak-Umm steak sandwich meat and hamburgers as part of frozen sandwich food kits. Complaint ¶¶ 16, 18. Steak Umm is the owner of United States Registration Numbers 1,033,176 ("176"); 1,116,446 ("446"); and 2,375,933 ("933") for the marks "STEAK-UMM", which were issued in 1976 for steak food products, 1979 for rolls, and 2000 for frozen sandwich kits, respectively. Id. at ¶¶ 11, 13, 15. Steak Umm claims to have invested substantial resources into maintaining goodwill associated with the Steak Umm marks and to have been successful in developing a strong secondary meaning for these marks. Id. at ¶¶ 20–22.

Steak Umm filed a complaint in this case on June 25, 2009, alleging trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114–1118; unfair

competition in violation of 15 U.S.C. § 1125(a); and state and federal claims for dilution of Steak Umm's trademarks against Steak 'Em Up, a Pennsylvania corporation with its principal place of business, a restaurant, at 2600 South 11th Street in Philadelphia.  Id. at ¶¶ 48–65.  Steak Umm claims that Steak 'Em Up, by using terms colorably similar to Steak Umm's marks, including "steak 'em" or "steak 'em up", is infringing Steak Umm's marks.  Id. at ¶¶ 30–32.  Steak Umm claims Steak 'Em Up is using these terms in its television, radio, internet and print advertising and on its menu to promote its own sandwich steak products, which are substantially similar to Steak Umm's products.  Id. at ¶¶ 28, 29, 33.

Steak Umm attached to its complaint a June 11, 2009 letter it sent to Steak 'Em Up informing Steak 'Em Up of its ownership of the 176, 446, and 933 marks and advising that Steak 'Em Up discontinue advertisement of and reference to the terms "steak em up" or "steak um up."  Compl. Ex. L.  Steak Umm's reference in its complaint to discussions between the parties that followed receipt of the letter are the basis of Steak 'Em Up's motion to strike.  In paragraph 41 of the complaint, Steak Umm claims that "[a]s part of initial discussions between the parties, defendant Steak 'Em has only proposed to refrain from radio advertising of its infringing name."  Id. ¶ 41.  In paragraph 46, Steak Umm states that "given the initial contacts and discussions with Steak 'Em, the infringing conduct by defendant Steak 'Em is knowing, willful, and deliberate."  Id. ¶ 46.

Steak 'Em Up now claims that because references to settlement discussions are

inadmissible under Federal Rule of Evidence 408, such references should be stricken from Steak Umm's complaint. Pl.'s Mot. To Strike, 3. Steak 'Em Up also claims that inclusion of this inadmissible evidence in the complaint is also a violation of Pennsylvania Disciplinary Rule of Professional Conduct 3.6, which precludes introduction of "information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial." Id. at 4.

I.  **STANDARD FOR A MOTION TO STRIKE**

Federal Rule of Evidence 12(f) provides that "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." The standard for striking a complaint or a portion of it is strict, and "only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." Johnson v. Anhorn, 334 F.Supp.2d 802, 809 (E.D.Pa.2004) (quoting Becker v. Chicago Title Ins. Co., 2004 WL 228672, at *6 (E.D.Pa. Feb.4, 2004)). To prevail on a motion to strike, the moving party must show that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or [that] the allegations confuse the issues." River Road Dev. Corp. v.

Carlson Corp.-Northeast, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990).

Rule 408 of the Federal Rules of Civil Procedure provides that:

"Prohibited Uses-
Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
(1) furnishing or offering or promising to furnish-or accepting or offering or promising to accept-a valuable consideration in compromising or attempting to compromise the claim; and
(2) conduct or statements made in compromise negotiations regarding the claim..."

Fed. R. Of Evidence 408(a).  Allegations of the content of settlement discussions will be stricken from a complaint where such allegations are "impertinent to any defense", Kibbie v. BP/Citibank, 2009 WL 2950365 at *8, (M.D. Pa. 2009) or "immaterial to state [the] cause of action."  Defazio v. River City Brass Band, Inc., 2007 WL 3072257 at *2 (W.D. Pa. 2007).

II.     DISCUSSION

Steak 'Em Up urges the Court to strike Steak Umm's complaint because it contains references to settlement discussions between the parties that are inadmissible under Federal Rule of Evidence 408.  Because motions to strike are generally disfavored and Steak 'Em Up only takes issue with two paragraphs in Steak Umm's complaint, the Court will treat this motion to strike the complaint as a motion to strike only paragraphs 41 and 46 of Steak Umm's complaint.  Steak Umm argues that the references to settlement

discussions in its complaint do not fall under Rule 408 because they are offered not to prove Steak 'Em Up's liability, but to emphasize that its conduct is willful and deliberate. Def.'s Resp. To Plaintiff's Mot. To Strike, 8.

It is not necessary at this stage to determine whether or not evidence of the settlement discussions between Steak Umm and Steak'Em Up will be admissible if offered at trial. The Third Circuit has recognized the importance of judicial discretion in determining whether the Rule 408 exclusion applies to evidence offered at trial or on summary judgment. See Affiliated Mfrs., Inc. v. Aluminum Co. of America, 56 F.3d 521, 528 (3d Cir. 1995). Although Steak Umm claims the reference to settlement negotiations set forth in the complaint is offered to show Steak 'Em Up's willful and deliberate conduct, this simple statement is not sufficient to show that Rule 408 will not apply at trial.

Courts in this Circuit have issued divergent rulings on this issue. See McAndrews Law Offices v. School Dist. of Philadelphia, 2007 WL 515412 at *3 (E.D. Pa. 2007) (denying motion to strike a complaint referencing settlement discussions even though the evidence could later be found in inadmissible at trial); but see Ciolli v. Iravani, 625 F. Supp. 2d 276, 285–289 (E.D. Pa. 2009) (analyzing whether Rule 408 applied to offered statements and striking references to settlement discussions contained in the complaint as immaterial); DeFazio at *2 (striking reference to settlement discussions from complaint as immaterial without engaging in an in-depth analysis of the applicability of

Rule 408); Bergman v. Jefferson-Pilot Life. Ins. Co., 2003 WL 23142155 at *1 (E.D. Pa. 2003) (same).

I recognize the purpose of Rule 408, i.e. "promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence." Manko v. United States, 87 F.3d 50, 54 (2d Cir.1996). However, this is a rule of evidence and does not govern pleadings. While the reference to settlement discussions may be inadmissible, it is not so irrelevant as to warrant striking any part of Steak Umm's complaint.

I will deny Steak 'Em Up's motion to strike paragraph 41 of the complaint. This paragraph states that "as part of initial discussions between the parties, defendant Steak 'Em has only proposed to refrain from radio advertising of its infringing name." This paragraph refers to settlement discussions between the parties, but may have some relevance to Steak Umm's claim. Steak Umm included with its complaint a copy of the letter it sent to Steak 'Em Up prior to filing suit in this case; Steak 'Em Up's receipt of this letter and its continued use of the allegedly infringing marks following receipt are a sufficient basis on which to allege willful and deliberate conduct. See Compl. Ex. L.

Paragraph 46 of the complaint states that "[g]iven the initial contacts and discussions with Steak 'Em, the infringing conduct by Steak 'Em is knowing, willful, and deliberate." I will not strike Paragraph 46, because the reference contained therein only pertains to the fact of settlement discussions and not to their substance. Paragraph 46 is a

clear reference to Steak 'Em Up's alleged state of mind.  Steak 'Em Up's motion to strike paragraph 46 because of some undefined and underdeveloped "violation" of Pennsylvania Rule of Professional Conduct 3.6 is frivolous on its face.  Steak 'Em Up must realize this because its motion contains no identifiable arguments in support of this curious request.

### III.    CONCLUSION

I will deny the motion to strike paragraphs 41 and 46 of the complaint.  An appropriate order follows.