## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————————— :
THE STEAK UMM COMPANY, LLC        :
520 Carroll Street                                     :
Reading, Pennsylvania  19601        :
                                               :
                                             :
                        Plaintiff,      :       Civil Action  No. 09-cv-02857-LS
                                             :
          v.                         :
                                             :       Trial by Jury Demanded
STEAK 'EM UP, INC.              :
2600 S. 11th Street              :
Philadelphia, PA  19148        :
                                             :
                                         :
                     Defendant.     :
———————————————————————————— :

## ANSWER

      Defendant, Steak 'Em Up, Inc. (hereinafter "Defendant" and/or "Steak'Em-Up"), 2600 S.

11th Street, Philadelphia, PA 19148, by and through its undersigned attorneys, hereby answers

the Complaint of Plaintiff The Steak Umm Company, LLC (hereinafter "Plaintiff" and/or "Steak

Umm Company").  Each numbered paragraph in this Answer responds to the identically

numbered paragraph in Plaintiff's Complaint.  Defendant denies that it has ever used or is ever

referred to as "Steak 'Em" as defined in the opening paragraph of the Complaint. Defendant

further denies all allegations, declarations, claims or assertions in the Complaint that are not

specifically admitted in this Answer.


## NATURE OF THE ACTION

      1.  Defendant admits that the Complaint asserts causes of action for trademark

infringement and dilution.  The remainder of the allegations are denied.

1

2.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

3.   Defendant admits that, for over four years, it has operated its 750-800 square foot, corner store in Philadelphia, Pennsylvania, offering made-to-order food such as pizza, stromboli, calzones, breakfast sandwiches, buffalo wings, fries, seafood, chicken, salads, steak sandwiches, grilled cheese, pork sandwiches, roast beef, hoagies, club sandwiches, burgers, and wraps, as well as ice cream and sundaes.  Defendant is without knowledge or information sufficient to form a belief as to the truth of what compelled plaintiff's to bring this action, and therefore denies such allegations and demands strict proof of same at trial.  Defendant denies that Plaintiff or the consuming public have experienced any detriment resulting from the parties' use of their respective trademarks.  Furthermore, this paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

4.   Defendant admits that it received the letter attached as Exhibit L at some point on or after June 11, 2009.  Defendant denies the remainder of the allegations of this paragraph.


**THE PARTIES**

5.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

6.   Defendant admits that it is a corporation created and existing under the laws of the Commonwealth of Pennsylvania and that it has a principal place of business at 2600 S. 11th

Street, Philadelphia PA.  Defendant denies that it is ever referred to as "Steak 'Em" as defined in the Complaint.

## JURISDICTION AND VENUE

7.   Defendant admits that Plaintiff's Complaint assert causes of action under the Lanham Act, thereby presenting federal questions for purposes of subject matter jurisdiction. Defendant denies the remainder of the allegations of this paragraph.

8.   Defendant admits that, for over four years, it has operated its 750-800 square foot, corner store in Philadelphia, Pennsylvania, offering made-to-order food such as pizza, stromboli, calzones, breakfast sandwiches, buffalo wings, fries, seafood, chicken, salads, steak sandwiches, grilled cheese, pork sandwiches, roast beef, hoagies, club sandwiches, burgers, and wraps, as well as ice cream and sundaes. Defendant denies that it is ever referred to as "Steak 'Em" as defined in the Complaint, denies that Exhibit D is "the Steak 'Em website," and denies the remainder of the allegations of this paragraph.

9.   Admitted.

## PLAINTIFF STEAK UMM TRADEMARKS

10.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

11.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

3

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

18.     Defendant admits that Plainitff's website is www.steakumm.com.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

4

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

PHIL1 852392-1

## DEFENDANT'S INFRINGING CONDUCT

26.    Denied.

27.    Defendant denies that it uses "Infringing Marks" as defined in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

28.    Defendant admits that it advertises and promotes its made-to-order food such as pizza, stromboli, calzones, breakfast sandwiches, buffalo wings, fries, seafood, chicken, salads, steak sandwiches, grilled cheese, pork sandwiches, roast beef, hoagies, club sandwiches, burgers, and wraps, as well as ice cream and sundaes, through local television, radio, interneet, brochures, flyers and restaurant signage.  Defendant denies the remainder of the allegations of this paragraph.

29.    Defendant admits that Exhibit G is an incomplete portion of the menu listings on Defendant's website.   Defendant denies the remainder of the allegations of this paragraph.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies such allegations and demands strict proof of same at trial.

35.    Denied.

36.    Denied.

6

37.     Defendant admits that it does not have any contractual relationship with Plaintiff. Defendant denies the remainder of the allegations of this paragraph.

38.     Defendant admits that it received the letter attached as Exhibit L at some point on or after June 11, 2009. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, as stated, and therefore denies such allegations.

39.     Defendant admits that it received the letter attached as Exhibit L at some point on or after June 11, 2009. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, as stated, and therefore denies such allegations.

40.     Denied.

41.     Denied.

42.     This paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

43.     This paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

44.     Defendant admits that plaintiff has no control over the superior quality of defendant's made-to-order food products.   Defendant denies the remainder of the allegations of this paragraph.

45.     Denied.

46.     Denied.

47.     Denied.

## COUNT ONE
## <u>TRADEMARK INFRINGEMENT</u>
### (Federal Law)

48.     Defendant repeats and incorporates herein by reference the responses contained in Paragraphs 1 through 47 above.

49.     Denied.  Defendant demands strict proof of same at trial.

50.     Denied.  Defendant demands strict proof of same at trial.

51.     Denied.  Defendant demands strict proof of same at trial.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it has been damaged, and therefore denies such allegations and demands strict proof at trial.  The remaining allegations of this paragraph are denied.

## COUNT TWO
## <u>UNFAIR COMPETITION / FALSE DESIGNATION OF ORIGIN</u>
### (Federal Law)

53.     Defendant repeats and incorporates herein by reference the responses contained in Paragraphs 1 through 52 above.

54.     Denied. Defendant demands strict proof of same at trial.

55.     Denied.  Defendant demands strict proof of same at trial.

56.     Denied.  Defendant demands strict proof of same at trial.

57.     Denied.  Defendant demands strict proof of same at trial.

58.     Denied.  Defendant demands strict proof of same at trial.

59.     Denied.  Defendant demands strict proof of same at trial.

PHIL1 852392-1

## COUNT THREE
## <u>DILUTION – ORIGIN</u>
### (Federal Law)

60.     Defendant repeats and incorporates herein by reference the responses contained in Paragraphs 1 through 59 above.

61.     Denied.  Defendant demands strict proof of same at trial.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it has been damaged, and therefore denies such allegations and demands strict proof at trial.  The remaining allegations of this paragraph are denied.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it has been damaged, and therefore denies such allegations and demands strict proof at trial.  The remaining allegations of this paragraph are denied.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it has been damaged, and therefore denies such allegations and demands strict proof at trial.  The remaining allegations of this paragraph are denied.

65.     Denied.

### <u>DEFENSES</u>

### FIRST DEFENSE (AFFIRMATIVE)

The claims and each cause of action contained therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE (AFFIRMATIVE)

Plaintiff's claims are barred in whole or in part by laches.

### THIRD DEFENSE (AFFIRMATIVE)

Plaintiff's claims are barred in whole or in part by estoppel.

PHIL1 852392-1

## FOURTH DEFENSE (AFFIRMATIVE)

Plaintiff's claims are barred in whole or in part by waiver.

## FIFTH DEFENSE (AFFIRMATIVE)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE (AFFIRMATIVE)

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SEVENTH DEFENSE

Plaintiff does not hold valid or enforceable rights in any STEAK-UMM mark.

## EIGHTH DEFENSE

Plaintiff's marks are not inherently distinctive and/or have not acquired distinctiveness and/or secondary meaning.

## NINTH DEFENSE

Plaintiff's STEAK-UMM mark is weak and not worthy of protection because of extensive third-party use of marks containing the word STEAK.

## TENTH DEFENSE

There is no likelihood of confusion between defendant's use of its STEAK'EM-UP mark and logo in connection with offering its made-to-order food items and plaintiff's purported use of its STEAK-UMM marks for frozen, packaged goods.

## ADDITIONAL DEFENSES

Steak 'Em Up reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

(1) Dismiss each count of the Complaint in its entirety with prejudice;

(2) Award defendant reasonable attorneys' fees, expenses and costs associated with this action, pursuant to 15 U.S.C. § 1117 and/or other applicable law; and

(3) Grant such further relief as is just and appropriate.

## JURY DEMAND

Defendant demands a trial by jury on each and every claim and defense so triable.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP


/s/Robert A. McKinley
Robert A. McKinley, Esq.
260 South Broad Street, 4th Floor
Philadelphia, PA   19102
Telephone:  215-568-6060

*Attorneys for Defendant*
*Steak 'Em Up, Inc.*

Dated:  November 13, 2009

11